IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY SMITH et al. | : |
| | : |
| v. | : Civil No. WMN-07-1508 |
| | : |
| HAMPSHIRE INDUSTRIES, | : |
| INC. et al. | : |

**MEMORANDUM**

Before the Court is Plaintiffs' Motion for Remand or, in the alternative, for Voluntary Dismissal.  Paper No. 41.[1]  The motion has been fully briefed and is now ripe for decision.  Upon review of the pleadings and the applicable case law, the Court has determined that no hearing is necessary and that Plaintiffs' motion for voluntary dismissal will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed this action on October 2, 2006, in the Circuit Court for Baltimore City, Maryland, alleging causes of action stemming from Anthony Smith's diagnoses with mesothelioma, a cancer caused by asbestos exposure.[2]  Plaintiffs initially named several Maryland corporations as Defendants, including Hampshire Industries, Inc. (Hampshire), Olympic Imported Parts,

---

[1] Also pending before the Court is Defendant Hampshire Industry, Inc.'s Motion for Summary Judgment, Paper No. 25, and Defendant DaimlerChrysler Company's (Chrysler) Motion for Leave to File a Second Amended Notice of Removal.  Paper No. 39.  These motions will be denied as moot.

[2] On July 23, 2007, Mr. Smith died as a result of his asbestos-related mesothelioma.

Inc. (Olympic), and GJW of College Park, Inc. (GJW).  Following discovery, Plaintiffs attempted to voluntarily dismiss Hampshire, Olympic, and GJW pursuant to Maryland Rule 2-506, which allows a plaintiff to voluntarily dismiss a defendant without leave of Court and without prejudice at any time prior to the defendant's filing of an answer, or, if an answer has been filed, by filing a stipulation of dismissal signed by all parties to the claim being dismissed.  Neither Olympic nor GJW had filed an answer at the time Plaintiffs filed their notice of dismissal in state court and, as such, Olympic and GJW were dismissed as parties.  Hampshire, however, had answered the complaint, thus, to dismiss Hampshire without leave of Court, Plaintiffs were required to obtain Hampshire's consent, which they failed to do.  Believing that Hampshire had been dismissed, and that no non-diverse defendants remained in the litigation Chrysler removed this action on June 6, 2007, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

    Plaintiffs now seek remand of this action arguing that a non-diverse party, Hampshire, remains extant in the litigation.  Alternatively, Plaintiffs seek voluntary dismissal of this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Chrysler opposes Plaintiffs' motion, arguing that, because Plaintiffs have no viable cause of action against Hampshire, the Court should not consider Hampshire's citizenship

2

in determining the propriety of diversity jurisdiction.  Chrysler also contends that Plaintiffs' request for voluntary dismissal should be denied as an attempt to improperly evade federal jurisdiction.

## II. DISCUSSION

### A.  Motion for Remand

Plaintiffs' motion for remand relies on the existence of a non-diverse party, Hampshire, remaining in the litigation. Chrysler contends that Hampshire is a "fraudulently joined" party whose citizenship must be disregarded in determining jurisdiction.  Generally, diversity removal requires complete diversity of citizenship.  28 U.S.C. § 1332(a).  The doctrine of fraudulent joinder, however, "permits removal when a non-diverse party is (or has been) a defendant in the case."  Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).  "Under this doctrine, a district court can assume jurisdiction over a case even if . . . there are non-diverse named defendants at the time the case is removed."  Id.  To invoke the doctrine of fraudulent joinder, "the removing party must establish either: that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."  Id. at 464 (internal citations omitted).

Here, Plaintiffs have implicitly acknowledged that there is

3

no possibility that they would be able to establish a cause of action against Hampshire in state court.  Following discovery in the state court action, Plaintiffs produced no evidence that Hampshire used any asbestos containing material in proximity to Mr. Smith, or that Mr. Smith ever visited any location that housed asbestos containing material produced, sold, or installed by Hampshire.  Plaintiffs have attempted to dismiss Hampshire from this action and have not opposed Hampshire's pending motion for summary judgment.  Further, in their motion for remand, Plaintiffs do not contend that any cause of action exists against Hampshire, rather, they simply argue that, at the time they filed their complaint, they had a "good faith belief" that Hampshire might have been a liable party.  Mot. for Remand 8.  Plaintiffs have "no colorable ground" for seeking a judgment against Hampshire, therefore, Hampshire's citizenship will not preclude federal diversity jurisdiction.  <u>AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.</u>, 903 F.2d 1000, 1003 (4th Cir. 1990) (noting that "a joinder is fraudulent if there is no real intention to get a joint judgment, and there is no colorable ground for so claiming") (internal quotations omitted).

    **B.  Voluntary Dismissal**

    Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such

terms and conditions as the court deems proper."  As a general rule, "a plaintiff's motion . . . for dismissal without prejudice should not be denied absent substantial prejudice to the defendant."  Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001) ("A plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant.").

In opposing Plaintiff's request for voluntary dismissal under Rule 41(a)(2), Chrysler relies on several cases holding that a federal court may enjoin a duplicative state court action where the state court action is designed to specifically subvert removal jurisdiction.  See, e.g., Peltz v. Sears, Roebuck & Co., 367 F. Supp. 2d 711, 715 (E.D. Pa. 2005).  In many of those cases, courts denied pending motions for voluntary dismissal, reasoning that "[i]t would be of little value to enjoin continuance of a state case after removal and then permit the refiling of essentially the same suit in state court."  Lou v. Belzberg, 834 F.2d 730, 741 (9th Cir. 1987).

Here, no duplicative state court action has been filed.  Plaintiffs have, however, indicated their intention to pursue Olympic and GJW in the future in state court.  Thus, allowing voluntary dismissal of the instant action could result in a future state court action that may include GJW and Olympic as defendants.  Such a possibility, however, does not constitute the "plain legal prejudice" necessary for denial of the motion for

5

voluntary dismissal.  See Davis v. USX Corp., 819 F.2d 1270, 1275 (4th Cir. 1987) (noting that "the mere prospect of the transfer of litigation to state court was an insufficient basis for denying the motion for voluntary dismissal").

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Remand or, in the alternative, for Voluntary Dismissal will be granted, in that Plaintiffs' claims will be dismissed without prejudice. A separate order will follow.

                                      /s/

                              _____
                              William M. Nickerson
                              Senior United States District Judge

Dated: September 10, 2007